IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

IN THE MATTER OF:
TYRA MARTIN, DEBTOR

                                  CASE NO. 23-21697
                                  CHAPTER 13

LaPorte Community Federal Credit Union
Plaintiff                                 ADVERSARY NO.
v.

Tyra Martin
Defendant

## **COMPLAINT TO DETERMINE DISCHARGEABILITY**

      Comes now Plaintiff, LaPorte Community Federal Credit Union ("Creditor"), by counsel and for its cause of action against Debtor Tyra Martin ("Defendant"), states as follows:

### **Parties and Jurisdiction**

1.     This adversary complaint is brought pursuant to 11 U.S.C. § 523(a)(2)(B).
2.     The Court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 134. Further, this proceeding constitutes a "core proceeding."
3.     The Creditor is a federally chartered and insured Credit Union.
4.     The defendant is a natural person residing at 530 W. 700 N., Hobart, IN 46342, which address is within this district.

### **Common Allegations**

5.     Defendant took out several loans from Creditor.
6.     On each loan Creditor required Defendant to fill out an application before being approved for the loan in question.
7.     Further Creditor "pulled" a Credit Report on the Defendant before making its lending decision.
8.     The loan application constitutes a statement in writing concerning the defendant's financial condition.
9.     In each case the loan application was materially false, specifically:

a. In her Bankruptcy Petition debtor asserts she pays $3,500.00 per month in rent.  Said rent was not disclosed on any of the loan applications, nor did it appear on the Credit Report.
b. In her Bankruptcy Petition debtor asserts she has $121,000.00 in student loan debt.  Said debt was not disclosed on any of the loan applications, nor did it appear on the Credit Report.
c. In her Bankruptcy Petition debtor asserts she has $25,000.00 in IRS debt.  Said debt was not disclosed on any of the loan applications, nor did it appear on the Credit Report.
d. In her Bankruptcy Petition debtor asserts she has an unknown amount due to the Indiana Department of Revenue.  Said debt was not disclosed on any of the loan applications, nor did it appear on the Credit Report.
e. In her Bankruptcy Petition debtor asserts she has $2,617.00 in Bank of America debt.  Said debt was not disclosed on any of the loan applications, nor did it appear on the Credit Report.
f. In her Bankruptcy Petition debtor asserts she has $$3,149.00 in Capital One debt.  Said debt was not disclosed on any of the loan applications, nor did it appear on the Credit Report.
g. In her Bankruptcy Petition debtor asserts she has an unknown amount in Comenity Bank debt.  Said debt was not disclosed on any of the loan applications, nor did it appear on the Credit Report.
h. In her Bankruptcy Petition debtor asserts she has $ 4,411in Credit One debt spread over three different accounts.  Said debt was not disclosed on any of the loan applications, nor did it appear on the Credit Report.
i. In her Bankruptcy Petition debtor asserts she has $17,734.00 in Midland Funding debt spread over two different accounts.  Said debt was not disclosed on any of the loan applications, nor did it appear on the Credit Report.

10. Said loan applications and the Credit Reports were statements concerning the defendant's financial condition.

11. The defendant intended to deceive the Creditor by not giving the Creditor all the necessary information to make a proper lending decision.

12. The Creditor reasonably relied on the statements contained in the Loan Application, as it is customary industry practice to take a loan application and pull a Credit Report to determine the defendant's financial condition and make a lending decision.

13. Creditor funded all the loans at issue.

14. Subsequent to the loan documents being signed and the Creditor funding the loans, the Defendant filed bankruptcy in the Northern District of Indiana, Hammond Division. The Debtor was assigned case number 23-21697-kl.

15. Had the Creditor been informed of the all the debts contained in Paragraph 9 of this complaint they would not have made the decision to lend money in any of the loans at issue in this complaint.

16. The defendant's conduct in taking out a loan from Creditor and in misrepresenting her willingness and ability to repay the obligations incurred render her debt to Creditor non-dischargeable under 11 U.S.C. § 523(a)(2)(B).

### Count I – 2001 Jeep Wrangler

17. Creditor loaned $13,433.26 to Defendant secured by a 2001 Jeep Wrangler.
18. Had Creditor known of the facts contained in this complaint it would have rejected the defendant's loan application.

### Count II – 1998 Jaguar XJ8 L

19. Creditor loaned to Defendant $3,571.69 secured by a 1998 Jaguar.
20. Of those funds, $2,312.00 was new money. The balance was paid on another account with Creditor.
21. Had Creditor known of the facts contained in this complaint it would have rejected the defendant's loan application.

### Count III – 2009 GMC Sierra

22. Creditor loaned Defendant $12,241.45 secured by a 2009 GMC Sierra.
23. Of those funds, $5,000.00 was new money. The balance was paid on another account with the Creditor.
24. Had Creditor known of the facts contained in this complaint it would have rejected the defendant's loan application.

### Count IV – 1990 Jaguar XJS

25. Creditor loaned Defendant $12,982.64 secured by a 1990 Jaguar XJS.
26. Had Creditor known of the facts contained in this complaint it would have rejected the defendant's loan application.

Wherefore, Creditor requests the Court determine the debt owed to Creditor by Defendant be declared non-dischargeable, and that the Court enter judgment against Defendant and in favor of Client in a sum to be proven at trial.

/s/Brooks J. Grainger
Brooks J. Grainger (19362-71)
Attorney for LaPorte Community Federal Credit Union
P.O. Box 6200
South Bend, IN 46660
(574) 272-1000